IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BISON PATENT LICENSING LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>LG ELECTRONICS INC. and LG ELECTRONICS U.S.A., INC.,<br><br>      Defendants. | CIVIL ACTION<br><br>NO. 2:25-cv-_____<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bison Patent Licensing LLC ("Plaintiff") files this Complaint for Patent Infringement and states as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Georgia and having a principal place of business at 5282 Forest Springs Drive, Atlanta, GA 30338.

2. On information and belief, Defendant LG Electronics Inc. ("LG") is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business located at LG Twin Tower 128, Yeoui-daero, Yeongdeungpo-gu, Seoul, Korea.

3. On information and belief, Defendant LG Electronics U.S.A., Inc. ("LGEUS") is a corporation organized and existing under the laws of the State of Delaware and having a regular and established place of business at 2153-2155 Eagle Pkwy, Fort Worth, TX 76177 and 14901 Beach St, Fort Worth, TX 76177. On information and belief, LGEUS is a wholly owned subsidiary of LG and is responsible for domestic sales and distribution of its electronics products, including the accused products in this case.

4.     On information and belief, LG and LGEUS have acted in concert with respect to the facts alleged herein such that any act of LG is attributable to LGEUS and vice versa except where otherwise noted. LG and LGEUS are referred to herein collectively as "Defendant."

## JURISDICTION AND VENUE

5.     This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

6.     This Court has personal jurisdiction over each defendant because they each have minimum contacts with the State of Texas, and have purposefully availed themselves of the privileges of conducting business in the State of Texas. For example, on information and belief, each defendant has, directly or through intermediaries, sold or offered to sell infringing products in the State of Texas and this Judicial District, or has provided infringing products to intermediaries for distribution throughout the country, including Texas and this judicial district, with knowledge of this distribution. On information and belief, each defendant has derived substantial revenues from infringing acts occurring within the State of Texas and within this District. Moreover, on information and belief, each defendant has purposefully and voluntarily placed its products into the stream of commerce with the expectation that they would be purchased and used by customers located in this State. Plaintiff's cause of action arises directly from the defendants' business contacts and other activities in the State of Texas and this District.

7.     Venue is proper in this Court with respect to LG pursuant to 28 U.S.C. § 1391(c) because it is a foreign corporation. Venue is proper in this Court with respect to LGEUS pursuant to 28 U.S.C. § 1400(b) because, on information and belief, it has committed acts of infringement and maintains a regular and established place of business in this Judicial District.

**FACTUAL BACKGROUND**

**U.S. Patent No. 7,571,313**

8. Plaintiff is the owner of record and assignee of United States Patent No. 7,571,313 ("the '313 patent") and has standing to sue and recover all past damages for infringement of the '313 patent.

9. The '313 patent, entitled "Authentication for Ad Hoc Network Setup," was duly and legally issued on August 4, 2009, with a patent term adjustment of 677 days. The '313 patent issued from a U.S. patent application that was filed on December 28, 2004. A true and correct copy of the '313 patent is attached as Exhibit A and incorporated herein by reference.

10. The inventions disclosed and claimed therein address a need in the art for "means for authenticating devices in order to establish an Ad Hoc network between the authenticated devices." '313 patent at 1:46-48. Among other things, the inventions disclosed and claimed in the '313 patent help prevent an attacker from joining, disrupting, or monitoring the network, thereby improving upon the preexisting technological state of the art. *Id.* at 1:39-41.

**U.S. Patent No. 8,331,956**

11. Plaintiff is the owner of record and assignee of United States Patent No. 8,331,956 ("the '956 patent") and has standing to sue and recover all past damages for infringement of the '956 patent.

12. The '956 patent, entitled "System and Method of UMTS UE Location Using Uplink Dedicated Physical Control Channel and Downlink Synchronization Channel," was duly and legally issued on December 11, 2012. The '956 patent claims priority to a U.S. patent application that was filed on October 6, 2008. A true and correct copy of the '956 patent is attached as Exhibit B and incorporated herein by reference.

13. As indicated in the '956 patent, the inventions disclosed and claimed therein addressed a need that existed in the art to provide, for example, location-based services for mobile phone users, thereby improving the existing technological state of the art. *See, e.g.*, '956 patent at Abstract; 2:52-56.

**U.S. Patent No. 8,489,122**

14. Plaintiff is the owner of record and assignee of United States Patent No. 8,489,122 ("the '122 patent") and has standing to sue and recover all past damages for infringement of the '122 patent.

15. The '122 patent, entitled "System and Method for Total Flight Time Ratio Pattern Matching," was duly and legally issued on July 16, 2013, with a patent term adjustment of 188 days. The '122 patent issued from a U.S. patent application filed on May 20, 2011 and claims priority to a provisional application filed on December 9, 2010. A true and correct copy of the '122 patent is attached as Exhibit C and incorporated herein by reference.

16. As indicated in the '122 patent, the inventions disclosed and claimed therein improved upon the existing technological state of the art by addressing a need for technologies for determining the location of a mobile device and to combat multipath effects. '122 patent at 1:39-41.

**U.S. Patent No. 8,576,781**

17. Plaintiff is the owner of record and assignee of United States Patent No. 8,576,781 ("the '781 patent") and has standing to sue and recover all past damages for infringement of the '781 patent.

18. The '781 patent, entitled "Femtocell Architecture in Support of Voice and Data Communications," was duly and legally issued on November 5, 2013. The '781 patent claims

priority to a U.S. patent application filed on October 14, 2008. A true and correct copy of the '781 patent is attached as Exhibit D and incorporated herein by reference.

19. As indicated in the '781 patent, the inventions disclosed and claimed therein addressed a need in the art for improved data handling efficiency and enhancing the performance of data traffic. '781 patent at Abstract.

**U.S. Patent No. 8,855,058**

20. Plaintiff is the owner of record and assignee of United States Patent No. 8,855,058 ("the '058 patent") and has standing to sue and recover all past damages for infringement of the '058 patent.

21. The '058 patent, entitled "Wireless Architecture in Support of Voice and Data Communications," was duly and legally issued on October 7, 2014. The '058 patent claims priority to a U.S. patent application filed on October 14, 2008, as well as to a provisional application filed on October 12, 2007. A true and correct copy of the '058 patent is attached as Exhibit E and incorporated herein by reference.

22. As indicated in the '058 patent, the inventions disclosed and claimed therein enhance the data handling efficiency in terms of protocol and processing overhead without requiring extra burdens or responsibilities on the base station. '058 patent at 2:62-67.

**U.S. Patent No. 9,106,979**

23. Plaintiff is the owner of record and assignee of United States Patent No. 9,106,979 ("the '979 patent") and has standing to sue and recover all past damages for infringement of the '979 patent.

24. The '979 patent, entitled "Sentiment Mapping in a Media Content Item," was duly and legally issued on August 11, 2015. The '979 patent issued from a U.S. patent application

filed on March 14, 2012. A true and correct copy of the '979 patent is attached as Exhibit F and incorporated herein by reference.

25. The inventions disclosed and claimed therein address technical problems, including how to effectively associate and recommend media content items based on sentiment states present in segments of content rather than relying on, for example, genre or actors. *See, e.g.,* '979 patent at 9:17-19. By utilizing and comparing sentiment maps, the system enables, for example, more meaningful and contextually appropriate associations and recommendations, which is a technical improvement over prior systems that lacked such granularity.

**U.S. Patent No. 9,693,030**

26. Plaintiff is the owner of record and assignee of United States Patent No. 9,693,030 ("the '030 patent") and has standing to sue and recover all past damages for infringement of the '030 patent.

27. The '030 patent, entitled "Generating Alerts Based Upon Detector Outputs," was duly and legally issued on June 27, 2017. The '030 patent issued from a U.S. patent application filed on July 28, 2014, and claims priority to a U.S. provisional application filed on September 9, 2013. A true and correct copy of the '030 patent is attached as Exhibit G and incorporated herein by reference.

28. As indicated in the '030 patent, the inventions disclosed and claimed therein provide improved video processing that permit enhanced viewing experience. *See, e.g.*, '030 patent at Abstract.

**U.S. Patent No. 10,162,944**

29. Plaintiff is the owner of record and assignee of United States Patent No. 10,162,944 ("the '944 patent") and has standing to sue and recover all past damages for infringement of the '944 patent.

30. The '944 patent, entitled "Library Style Media DRM APIs in a Hosted Architecture," was duly and legally issued on December 25, 2018, with a patent term adjustment of 176 days. The '944 patent issued from a patent application filed on March 30, 2016, and claims priority to a U.S. provisional application filed on March 30, 2015. A true and correct copy of the '944 patent is attached as Exhibit H and incorporated herein by reference.

31. As indicated in the '944 patent, the inventions disclosed and claimed therein improved on preexisting art by, for example, providing digital rights management technology. '944 patent at 1:35-2:60. As one example, in some embodiments, a server-side hosting application can proactively issue licenses to a client. That is, a client application can be issued licenses in addition to those requested by the client.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,571,313

32. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

33. Defendant has directly infringed at least claim 1 of the '313 patent, either literally or under the doctrine of equivalents, in connection with its LG smartphones supporting WiFi TDLS, including at least the LG G8 ThinQ, as detailed in the preliminary claim chart attached hereto as Exhibit I and incorporated herein by reference.

34. On information and belief, Defendant has performed all steps of the asserted claim or, alternatively, to the extent a third party performed any step, Defendant conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. The accused functionality involves a method for authentication for use in a first node. On information and belief, a third party could not use the accused functionality without performance of the steps recited in the asserted claim. Defendant also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused

functionality, the steps of the asserted claim had to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

35. Defendant's infringing activities have been without authority or license under the '313 patent.

36. Because the asserted claim of the '313 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

37. Plaintiff has been damaged by Defendant's infringement of the '313 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,331,956

38. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

39. Defendant has directly infringed at least claim 1 of the '956 patent, either literally or under the doctrine of equivalents, in connection with its LG smartphones supporting 802.11mc, including at least the LG G8X ThinQ, as detailed in the preliminary claim chart attached hereto as Exhibit J and incorporated herein by reference.

40. On information and belief, Defendant has performed all steps of the asserted claim or, alternatively, to the extent a third party performed any step, Defendant conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. The accused functionality involves estimating a location of a wireless device. On information and belief, a third party could not use the accused functionality without

performance of the steps recited in the asserted claim. Defendant also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality, the steps of the asserted claim had to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

41. Defendant's infringing activities have been without authority or license under the '956 patent.

42. Because the asserted claim of the '956 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

43. Plaintiff has been damaged by Defendant's infringement of the '956 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,489,122**

44. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

45. Defendant has directly infringed at least claim 15 of the '122 patent, either literally or under the doctrine of equivalents, in connection with its LG smartphones supporting 802.11mc, including at least the LG G8X ThinQ, as detailed in the preliminary claim chart attached hereto as Exhibit K and incorporated herein by reference.

46. On information and belief, Defendant has performed all steps of the asserted claim or, alternatively, to the extent a third party performed any step, Defendant conditioned the third party's use of the functionality of the accused instrumentalities described herein on the

performance of that step. The accused functionality involves estimating the location of a mobile device. On information and belief, a third party could not use the accused functionality without performance of the steps recited in the asserted claim. Defendant also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality, the steps of the asserted claim had to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

47. Defendant's infringing activities have been without authority or license under the '122 patent.

48. Because the asserted claim of the '122 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

49. Plaintiff has been damaged by Defendant's infringement of the '122 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 8,576,781

50. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

51. LGEUS has directly infringed and continues to directly infringe at least claim 1 of the '781 patent, either literally or under the doctrine of equivalents, in connection with its LG Private 5G Network, as detailed in the preliminary claim chart attached hereto as Exhibit L and incorporated herein by reference.

52. LGEUS's infringing activities have been without authority or license under the '781 patent.

53. Plaintiff has been damaged by LGEUS's infringement of the '781 patent, and Plaintiff is entitled to recover damages for LGEUS's infringement, which damages cannot be less than a reasonable royalty.

**COUNT V – INFRINGEMENT OF U.S. PATENT NO. 8,855,058**

54. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

55. LGEUS has directly infringed and continues to directly infringe at least claim 12 of the '058 patent, either literally or under the doctrine of equivalents, in connection with its LG Private 5G Network, as detailed in the preliminary claim chart attached hereto as Exhibit M and incorporated herein by reference.

56. LGEUS's infringing activities have been without authority or license under the '058 patent.

57. Because the asserted claim of the '058 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

58. Plaintiff has been damaged by LGEUS's infringement of the '058 patent, and Plaintiff is entitled to recover damages for LGEUS's infringement, which damages cannot be less than a reasonable royalty.

**COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 9,106,979**

59. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

60. Defendant has directly infringed and continues to directly infringe at least claim 1 of the '979 patent, either literally or under the doctrine of equivalents, in connection with its LG Channels, as detailed in the preliminary claim chart attached hereto as Exhibit N and incorporated herein by reference.

61. On information and belief, Defendant has performed all steps of the asserted claim or, alternatively, to the extent a third party performed any step, Defendant has conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. The accused functionality involves associating a second media content item with a first media content item. On information and belief, a third party could not use the accused functionality without performance of the steps recited in the asserted claim. Defendant has also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality, the steps of the asserted claim have to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not be available to third parties.

62. Defendant's infringing activities have been without authority or license under the '979 patent.

63. Because the asserted claim of the '979 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

64. Plaintiff has been damaged by Defendant's infringement of the '979 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 9,693,030

65. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

66. Defendant has directly infringed at least claims 1, 2, 5, 9, and 11 of the '030 patent, either literally or under the doctrine of equivalents, in connection with its LG smartphones with tracking focus, including at least the LG G8 ThinQ, as detailed in the preliminary claim chart attached hereto as Exhibit O and incorporated herein by reference.

67. On information and belief, Defendant has performed all steps of these claims or, alternatively, to the extent a third party performed any step, Defendant conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. The accused functionality involves, for example, tracking focus for automatically tracking and focusing on a moving subject in a live video. On information and belief, a third party could not use the accused functionality without performance of the steps recited in the asserted claims. Defendant also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality, the steps of the asserted claims had to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

68. Defendant's infringing activities have been without authority or license under the '030 patent.

69. Because the asserted claims of the '030 patent are method claims, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

70. Plaintiff has been damaged by Defendant's infringement of the '030 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 10,162,944

71. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

72. Defendant has directly infringed and continues to directly infringe at least claim 1 of the '944 patent, either literally or under the doctrine of equivalents, in connection with the LG smart televisions identified in the preliminary claim chart attached hereto as Exhibit P and incorporated herein by reference.

73. On information and belief, Defendant has performed all steps of the asserted claim or, alternatively, to the extent a third party performed any step, Defendant has conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. The accused functionality involves the management of licensed video content. On information and belief, a third party could not use the accused functionality without performance of the steps recited in the asserted claim. Defendant has also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality, the steps of the asserted claim have to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not be available to third parties.

74. Moreover, at least since receiving notice of its infringement by service of Plaintiff's complaint, on information and belief, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '944 patent, literally or by the doctrine of equivalents, by selling the accused products to its customers and distributing product literature or

videos inducing end users and others to use the accused products in a manner that infringes the asserted claim of the '944 patent.

75. Defendant's infringing activities have been without authority or license under the '944 patent.

76. Because the asserted claim of the '944 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

77. Plaintiff has been damaged by Defendant's infringement of the '944 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against LG and LGEUS, and that the Court grant Plaintiff the following relief:

A. Entry of judgment that LG and LGEUS have infringed at least one claim of the '313 patent, the '956 patent, the '122 patent, the '979 patent, the '030 patent, and the '944 patent, and that LGEUS has infringed the '781 patent and the '058 patent.

B. Damages in an amount to be determined at trial for LG's and LGEUS's infringement, which amount cannot be less than a reasonable royalty, together with an accounting of all infringing acts, including but not limited to those acts not presented at trial,

C. A determination that this case is exceptional, and an award of attorney's fees,

D. All costs of this action,

E. Pre-judgment and post-judgment interest on the damages assessed, and

F. Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 10th day of December, 2025.

/s/ *Cortney S. Alexander*
Cortney S. Alexander
cortneyalexander@kentrisley.com
Tel: (404) 855-3867
Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff